Whaley, Judge,
delivered the opinion of the court:
The plaintiff entered into a contract with the defendant on October 31, 1932, whereby it agreed to construct a composite jetty at the entrance to Intracoastal Waterway, Pensacola Bay, Florida. Under the notice plaintiff received, the date of the commencement of the work was fixed as of December 24,1932, and the work was to be completed within 100 calendar days from the date of the notice to proceed, *441 which fixed the completion date on March 10, 1983. During the progress of the work the defendant, according to the provisions of the contract, directed plaintiff to perform additional work and allowed an extension of time for this additional work of 19 days. With these additional days, the completion date was extended to March 29, 1933. The contract provided for liquidated damages of $30.00 per day for every day the work was not completed after the completion date. During the performance of the contract unusual weather conditions were encountered and the plaintiff made a claim for an extension of time due to these unusual weather conditions for a period of 93 days, being the period from the completion date of March 29, 1933, to June 30, 1933, when the work was completed and accepted. Under Article 9 of the contract which deals with delays and damages, it is “Provided further, that the contractor shall within ten days from the beginning of any such delay notify the contracting officer in writing of the causes of delay, who shall ascertain the facts and the extent of the delay, and his findings of facts thereon shall be final and conclusive on the parties hereto, subject only to appeal, within thirty days, by the contractor to the head of the department concerned, whose decision on such appeal as to the facts of delay shall be final and conclusive on the parties thereto.” The plaintiff duly made claim for the delays caused by the unusual weather conditions and the contracting officer duly considered the claim and remitted 15 days liquidated damages of the 93 days liquidated damages which had been imposed. No appeal from this decision of the contracting-officer was ever taken to the head of the department according to the terms of the contract and therefore the decision of the contracting officer became final and conclusive as to the facts of the delay. The parties are bound by the terms of the contract. This has been decided so often that it is unnecessary to cite authorities. The accounting office has reimbursed the plaintiff for the 15 days allowed by the contracting officer.
The petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; GreeN, Judge; and Booth, Chief Justice, concur.